POLEN, Judge.
This is an appeal from a final judgment in which the trial court determined that a termination agreement entered into between appellant, Frank Speciale, and appel-lee, the City of Boca Raton, was binding upon the parties. The trial court ruled that pursuant to the parties’ agreement, Spec-iale was deemed vested in the City’s pension fund. We affirm.
Following an expressed desire to resign his position as a City Building Inspector, Speciale entered into a termination agreement with the City of Boca Raton (the City) in which he agreed to be placed on sick leave for approximately five (5) months, withdraw a certain grievance he had filed against the City, execute a general release, and make no statements to the media regarding the agreement or his employment with the City. The City agreed to give Speciale a cost-of-living increase, health coverage, payment of thirty percent (30%) of his unused sick leave, and payment of 100% of his unused vacation time. Speciale willingly entered into the agreement following more than two weeks of negotiations with the City and consultations with his attorney. The terms of the final agreement were virtually identical to those initially proposed by Speciale.
The City fully complied with the terms of the agreement. Nonetheless, Speciale filed a declaratory action against the City of Boca . Raton (the City) and the Board of Trustees of the City of Boca Raton General Employees Pension Plan (the Board of Trustees). He sought a determination that his agreement with the City was void as against public policy. More specifically, Speciale alleged that the agreement provided for the payment of several benefits to which he was not entitled. Speciale alleged that he had been allowed to use sick leave when he was not ill and had not been employed for the requisite period of time to qualify for several of the benefits he received. He also alleged that the agreement violated his First Amendment right to free speech. In the alternative, Speciale sought a declaration that he was vested in the City’s pension fund and entitled to receive pension benefits.
Both the City and the Board of Trustees answered Speciale’s complaint, and the City moved for summary judgment alleging that Speciale executed a fully enforceable contract in which he voluntarily terminated his employment with the City in exchange for valuable consideration. The City argued that there was no merit to Speciale’s claims that the agreement was void as against public policy or violative of his First Amendment rights.
In opposition to the City’s motion, Spec-iale filed several depositions and a certified copy of Ordinance § 2-49 of the City of Boca Raton, which at the time of the agreement granted the city manager the following power:
(7) Upon the advice of the city attorney, the power to settle any claim, debt, demand or cause of action in favor of or against the city for consideration not to exceed $6,000.00 in value without prior approval of the city council, except that no settlement shall require consideration other than the payment of money or the replacement of material, or both, unless approved by the city council.
Speciale argued that his termination agreement constituted a “claim” in an amount greater than $6,000.00, and thus the agreement could not have been entered into by the City Manager without the approval of the city council. Speciale also alleged that the agreement violated Article 10, section 1 of the City’s personnel rules, which provided that sick leave was not to be “considered a right which an employee may use *1389 for purposes other than bona fide personal illness, injury, legal quarantine, or sickness or injury within the immediate family.”
On May 15, 1990, the trial court granted the City’s motion for summary judgment after reviewing the record and hearing argument of counsel. The record on appeal does not contain a transcript of the summary judgment hearing. Speciale then filed a motion for summary judgment against the Board of Trustees, directed solely to the issue of his pension benefits. He noted that the City and the Board of Trustees had both admitted that he was vested and entitled to collect pension benefits, and thus sought a declaration that he was in continuous service with the City for the requisite ten (10) years, and further that the Board of Trustees could not subsequently divest him of his pension benefits because of the way in which his ten (10) years of continuous service was calculated.
The trial court entered final judgment in which it determined that the termination agreement was binding upon the parties and that Speciale was vested in the Board of Trustees’ pension plan and was not vulnerable to any future divesting from the fund for any failure to have worked the requisite ten (10) years.
On appeal Speciale argues that the termination agreement was ultra vires and therefore void as violative of Article 10, section 1 of the City’s personnel rules and City Ordinance § 2-49. We disagree. Article 10, section 1 simply cautions an employee against using sick leave for reasons other than bona fide illness. Speciale has cited no precedent, nor are we aware of any, to support his contention that a negotiated termination agreement such as that Speciale entered into with the City, is void because it includes a provision which allows an employee who may be healthy to utilize sick leave. As to Speciale’s argument that the termination agreement he executed is void as violative of City Ordinance § 2-49, we find this argument equally unpersuasive. Speciale voluntarily terminated his employment in exchange for valuable consideration from the City. Such a termination agreement is an important tool in allowing a municipality some latitude in making personnel decisions and should be upheld. Both parties benefit from the termination agreement in that the municipality is able to resolve ongoing disputes with its employee and the employee is given severance benefits.
The trial court properly determined that the agreement executed by both Speciale and the City is an enforceable agreement, and that Speciale is entitled to be vested in the City’s Pension Fund on the basis that he was employed for the requisite ten-year period.
AFFIRMED.
GUNTHER, J., and DOWNEY, JAMES C., Senior Judge, concur.