BOOTH, Judge.
This cause is before us on appeal from the order below granting Appellees’ motions for summary judgment. Appellant contends that the trial court erred in holding that his retirement contract was rendered unenforceable by section 215.425, Florida Statutes (1991), a statute that provides, in pertinent part, that “[n]o extra compensation shall be made to any officer, agent, employee, or contractor after the service has been rendered or the contract made....” Under the “plain meaning rule,” it is presumed that the legislature intended the plain and obvious meaning of the provision that “no extra compensation” be made “after the service has been rendered.” Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So.2d 911, 914 (Fla.1995).
In this case, Appellant was still rendering services on February 4, 1991, when the parties executed the retirement contract providing additional retirement income. Thus, the contract did not violate section 215.425. See Op.Att’y Gen.Fla. 97-21 (1997) (stating that section 215.425 does not preclude “professional transition leave” with pay and benefits for one year as part of an “alteration [of] the current pension plan to provide an early retirement option to current employees who are not receiving benefits under the retirement system,” as an inducement for highly paid employees to resign or retire).[1] See also Speciale v. City of Boca Raton, 613 So.2d 1387, 1389 (Fla. 4th DCA 1993) (explaining that bargained-for termination com- *947 tract that provided municipal employee greater severance package than would ordinarily be provided should be upheld as an “important tool in allowing a municipality some latitude in making personnel decisions .. .”)•
We hold, therefore, that in the instant case the retirement contract is not in violation of section 215.425.[2] The trial court’s rulings on counts II and TV regarding the definition of salary and the makeup of Appellee Board of Trustees, respectively, are affirmed. Accordingly, the summary judgment entered below is REVERSED in part and AFFIRMED in part, and the case is REMANDED for proceedings consistent herewith.
JOANOS and VAN NORTWICK, JJ., concur.

. The Attorney General also opined in 97-21 that lump-sum payments violated section 215.425 in the absence of a statute, collective agreement, personnel policy, or regulation providing for such payments. Op.Att'y Gen.Fla. 97-21 (1997). This part of the opinion does not render Appellant’s retirement agreement unlawful under section 215.425 because the additional portion of Appellant's increased compensation is not provided in a lump-sum; and because Appellant, as a department head in the municipal government, had the right to enter into an individual employment agreement with the City, thereby allowing him to essentially amend his employment contract, as occurred with the instant agreement, while he was still employed and not receiving retirement benefits. See § 166.021, Fla. Stat. (1991); Jacksonville Beach, Fla., Charter § 29 (amended Sept. 8, 1989) (Jacksonville Beach, Fla., Ordinance 7428 (Sept. 8, 1989)). Thus, the portion of Attorney General Opinion 97-21 regarding lump-sum payments does not render Appellant's contract unlawful.

. Attorney General opinions relied on by Appel-lee City, who cited them for the proposition that added retirement benefits provided when a beneficiary is no longer rendering services violates section 215.425, are distinguishable from the instant case. The opinions denying benefits all involved beneficiaries who were provided extra compensation after they had already retired under their previous agreements. See Op.Att’y Gen.Fla. 92-49 (1992) (finding that cost of living adjustment provided to beneficiary already retired violated section 215.425); Op.Att’y Gen.Fla. 91-37 (1991) (finding that providing retiree, who was already retired and receiving agreed benefits, with monetary value of leave above 120 hours, contrary to city system of compensating retiring employees only up to 120 hours, violated section 215.425); Op.Att'y Gen.Fla. 89-53 (1989) (finding that purchase of annuity after beneficiary retired constituted "extra compensation” that was contrary to section 215.425). In the instant case, however, Appellant entered into his retirement contract for additional benefits while he was still employed and not receiving retirement benefits. Thus, these opinions are not dispositive of the instant case.